IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL ACTION NO. 5:15-CR-00038-KDB-DSC-4

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| v. | **ORDER** |
| **SAI VANG,** | |
| **Defendant.** | |

**THIS MATTER** is before the Court on Defendant's *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), the First Step Act of 2018 and appointment of counsel. (Doc. No. 200). Defendant seeks compassionate release arguing he is wheelchair bound, cannot perform limited self-care, his medical conditions are worsening and the prison is unable to provide him with needed care and treatment. *Id*. at 5. Defendant is incarcerated in Rochester Federal Medical Center in Rochester, Minnesota. Having carefully reviewed the Defendant's motion, exhibits, and all other relevant portions of the record, the Court will deny his motion as Defendant has not met his burden to establish that a sentencing reduction is warranted under 18 U.S.C. § 3582(c).

Defendant waived the presentence interview but information regarding his health was verified, in part, by the defendant's wife, Mailee Yang, on December 22, 2020. (Doc. No. 192 at 12). Defendant states that he is paralyzed from the chest down to his toes due to a gunshot wound in 2006. He needs help getting in and out of a wheelchair, has no control over bowel movements, needs help with the catheter, cannot prepare food, needs help dressing and showering, and needs his legs stretched twice daily to help with blood flow and ease muscle spasms. *Id*. ¶¶ 53, 54. In

the BOP medical records (from January, 2022 through January, 2023) submitted by the Defendant, it showed that Occupational Therapy has followed Defendant regularly to help him become independent with transfers and self-cares. Nursing has been coaching the Defendant. He has been instructed on how to handle the catheter and is doing well. He is able to eat without assistance and dress and undress himself with adaptive equipment. He requires frequent coaching and occasional assistance to clean himself after soiling his diapers. He is able to bathe himself but requires assistance getting in and out of the tub. He is wheelchair bound and is able to transfer from the wheelchair without assistance. (Doc. No. 201). The same records also showed that he is receiving treatment for his ailments. *Id*. Each of his conditions appear to be treated with medication and regular follow-up visits are provided by the institution as well as by the famed Mayo Clinic. Therefore, there is no extraordinary and compelling reason for a sentence reduction.

There is no general constitutional right to appointed counsel in post-conviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *United States v. Williamson*, 706 F.3d 405, 416 (4th Cir. 2013). The Court has discretion to appoint counsel in proceedings under 18 U.S.C. § 3582(c) if the interests of justice so require. *See United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000); *see also United States v. Reed*, 482 F. App'x 785, 786 (4th Cir. 2012); cf. 18 U.S.C. § 3006A (providing the interests of justice standard for appointment of counsel in similar post-conviction proceedings). Defendant has not established that the interests of justice require appointment of counsel in these circumstances at this time.

**IT IS THEREFORE ORDERED** that Defendant's *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), and appointment of counsel (Doc. No. 200), is **DENIED**.

**SO ORDERED.**  Signed: May 9, 2023

Kenneth D. Bell
United States District Judge